# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, as Trustee, Successor in Interest to Bank of America, National Association as Trustee as Successor by Merger to LaSalle Bank National Association, as Trustee for Certificateholders of Bear Stearns Asset Backed Securities I LLC, Asset-Backed Certificates, Series 2007-HE3,<br><br>  Plaintiff,<br><br> vs.<br><br>DEBRA ANN NALANI MARTIN; CITIMORTGAGE, INC.; AMERICAN GENERAL FINANCIAL SERVICES OF HAWAIʻI, INC., now known as SPRINGLEAF FINANCIAL SERVICES OF HAWAII, INC.; JOHN AND MARY DOES 1-20; DOE PARTNERSHIPS, CORPORATIONS, OR OTHER ENTITIES 1-20,<br><br>  Defendants. | CIV. NO. 15-00061 DKW-BMK<br><br>FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF'S MOTION TO REMAND CASE TO STATE COURT |

**FINDINGS AND RECOMMENDATION TO
GRANT IN PART AND DENY IN PART
PLAINTIFF'S MOTION TO REMAND CASE TO STATE COURT**

Before the Court is Plaintiff U.S. Bank National Association's ("U.S. Bank") Motion to Remand Case to State Court (the "Motion"). (Doc. no. 7.) U.S. Bank seeks to remand the present action to the Circuit Court of the First Circuit, State of Hawaii, where it initially sought foreclosure against Defendant Debra Ann Nalani Martin ("Ms. Martin"). U.S. Bank argues that this case does not involve diversity of citizenship or a federal question, thus warranting remand. Conversely, Ms. Martin argues that removal jurisdiction is proper, because, *inter alia*, there is a related case pending before this district court.

The Motion came on for hearing before the Court on April 20, 2015. After careful consideration of the Motion, the supporting and opposing memoranda, and the arguments of counsel, the Court hereby RECOMMENDS GRANTING IN PART and DENYING IN PART the Motion.

BACKGROUND

This case involves foreclosure and collection attempts related to Ms. Martin's real property located at 5688 Kalanianaole Highway, Honolulu, Hawaii 96821, TMK no. (1) 3-7-5-3 (the "Subject Property"). Ms. Martin is a resident of Hawaii. (See Doc. no. 4-1 at ¶ 1.) U.S. Bank alleges that she executed a note

dated November 29, 2006 for the principal sum of $525,000 that was secured by a mortgage on the Subject Property. (Id. at ¶ 7.) U.S. Bank further alleges that Ms. Martin defaulted on the repayment terms of the note and mortgage, resulting in an acceleration of the loan, with the balance of $515,559.11 immediately due and payable. (Id. at ¶ 10.)

On or around October 9, 2014, Ms. Martin filed her Complaint against U.S. Bank and other defendants in this district court, CV 1:14-00458 DKW-BMK (the "October 2014 Federal Complaint"). In essence, Ms. Martin alleges violations by certain defendants of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and seeks to quiet title to the Subject Property. (Doc. no. 1 in CV 1:14-00458 DKW-BMK.)

Subsequently, on or around December 11, 2014, U.S. Bank filed its Complaint to Foreclose Mortgage in the Circuit Court of the First Circuit, State of Hawaii, 1CC14-1-2519-12 (the "December 2014 State Complaint"). (Doc. no. 4-1.) U.S. Bank alleges that Ms. Martin has defaulted on her note and mortgage and seeks to foreclose on the Subject Property. (Id.) Ms. Martin states that U.S. Bank has not served the December 2014 State Complaint on any defendant. (See Mem. in Opp'n at 5.) U.S. Bank represents that it did not serve any defendant because, a day after it filed the December 2014 State Complaint, Ms. Martin disputed the debt

under the FDCPA, thus precluding U.S. Bank from taking any further action until it completed verification of the debt.  (Reply at 12; see id., Exh. 1.)

On March 4, 2015, Ms. Martin filed her Notice of Removal of the December 2014 State Complaint with this district court, initiating the present action.[1]  (Doc. no. 1.)  Concurrently, Ms. Martin filed with this Court a copy of her December 2014 State Complaint against U.S. Bank.  (Doc. no. 4-1.)  The following day, U.S. Bank filed the present Motion to remand this case to state court.  (Doc. no. 7.)

## STANDARD

"Removal jurisdiction is statutory and strictly construed."  Petrop v. Lassen Art Publ'ns, Inc., 939 F. Supp. 742, 744 (D. Haw. 1995) (citations and internal quotation marks omitted).  When a case is removed to federal court, "there is a strong presumption against federal court jurisdiction."  Lovell v. Bad Ass Coffee Co. of Haw., Inc., 103 F. Supp. 2d 1233, 1236 (D. Haw. 2000).  "The threshold requirement for removal under 28 U.S.C. § 1441 is a finding that the

---

[1] Initially, Ms. Martin attempted to remove the case by filing the Notice of Removal in the preexisting federal case, CV 1:14-00458 DKW-BMK, on February 27, 2015.  (Doc. no. 16 in CV 1:14-00458 DKW-BMK.)  However, the Clerk's Office advised Ms. Martin on March 3, 2015 that the Notice of Removal was filed incorrectly and would have to be refiled as a new and separate civil case.   Ms. Martin complied, thereby initiating the present action.

complaint contains a cause of action that is within the original jurisdiction of the district court." <u>Id.</u> (citations and internal quotation marks omitted).  Further, "[t]he burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction."  <u>Id.</u> at 1236-37 (citations and internal quotation marks omitted).  Moreover, "any doubts as to the right of removal must be resolved in favor of remanding to state court."  <u>Durham v. Lockheed Martin Corp.</u>, 445 F.3d 1247, 1252 (9th Cir. 2006) (internal quotation marks omitted).

DISCUSSION

I.      <u>REQUEST TO REMAND TO STATE COURT</u>

    A.      <u>Basis of Original Jurisdiction</u>

A defendant may remove any civil action brought in state court over which the federal court would have original jurisdiction.  28 U.S.C. § 1441(a). That is, a civil action that could have originally been brought in federal court may be removed from state to federal court.  <u>Caterpillar Inc. v. Williams</u>, 482 U.S. 386, 392 (1987).  However, a plaintiff may file a motion to remand to challenge the removal of an action from state court to federal court.  As such, the Court must first determine whether Ms. Martin has asserted a proper basis for removal to this Court.

5

1.    Federal Question

First, a federal court has jurisdiction over a removed case if a federal

claim is alleged in the complaint.  See 28 U.S.C. § 1331; Lovell, 103 F. Supp. 2d at

1239.  "A district court's federal-question jurisdiction . . . extends over 'only those

cases in which a well-pleaded complaint establishes either that federal law creates

the cause of action or that the plaintiff's right to relief necessarily depends on

resolution of a substantial question of federal law.'"  Christianson v. Colt Indus.

Operating Corp., 486 U.S. 800, 808 (1988) (citation omitted).

In the present case, Ms. Martin does not appear to rely on federal

question jurisdiction as the basis of her removal.  As U.S. Bank correctly points

out, "Defendant Martin cannot, and has not, alleged any grounds for removal based

on federal question jurisdiction.  Plaintiff's Complaint is predicated on foreclosure

in the State of Hawaii, a state law issue."  (Mot. at 5 (citing U.S. Bank Nat'l Ass'n

v. Mortgage Elec. Registrations Sys., Inc., Civil No. 12-00227 SOM-KSC, 2012

WL 6158609, at *2 (D. Haw. Nov. 16, 2012).)  Ms. Martin does not contest this

point, as she does not address federal question jurisdiction in her memorandum in

opposition.  Thus, because U.S. Bank's December 2014 State Complaint only

asserts a state-law foreclosure claim, the removal cannot be based on federal

question jurisdiction.

2. <u>Diversity Jurisdiction</u>

Second, federal district courts also have original jurisdiction over all civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity of citizenship. 28 U.S.C. § 1332(a)(1); <u>Matheson v. Progressive Speciality Ins. Co.</u>, 319 F.3d 1089, 1090 (9th Cir. 2003). Complete diversity of citizenship requires that each of the plaintiffs be a citizen of a different state than each of the defendants. <u>Morris v. Princess Cruises, Inc.</u>, 236 F.3d 1061, 1067 (9th Cir. 2001) (citing <u>Caterpillar Inc. v. Lewis</u>, 519 U.S. 61, 68 (1996)).

In the present case, Ms. Martin argues that removal is proper based on diversity jurisdiction. She alleges that "U.S. Bank is diverse from all defendants and the amount in controversy exceeds the statutory limit of $75,000.00." (Mem. in Opp'n at 4.) However, U.S. Bank counters that, under the so-called "forum defendant rule," Ms. Martin cannot remove this case to federal court, because she is a resident of the forum. (Mot. at 3.) Moreover, U.S. Bank argues that Ms. Martin has failed to establish the citizenship of all of the defendants and failed to affirmatively explain why the other defendants did not join in her removal.[2]

---

[2] This district court has noted that all defendants who have been joined and served must consent to the removal of the case, or else the removing party has the

burden of explaining the absence of the non-joining defendants:

> Finally, Defendant has not provided the consent of Hawaiian Paradise, as required by § 1446.  28 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.").  Her failure to do so is fatal under § 1446.  <u>See</u> <u>Pressman v. Meridian Mortgage Co.</u>, 334 F. Supp. 2d 1236, 1240-41 (D. Haw. 2004) (citing <u>Hewitt v. City of Stanton</u>, 798 F.2d 1230, 1232-33 (9th Cir. 1986)).  All defendants in a state court action must consent to and join in the petition for removal with the exception of nominal, fraudulently joined or unknown defendants.  <u>Emrich v. Touche Ross & Co.</u>, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988); <u>Abrego Abrego v. Dow Chemical Co.</u>, 443 F.3d 676, 680 (9th Cir. 2006) (citation omitted).  This rule only applies, however, to those defendants properly served and joined in the action. <u>Emrich</u>, 846 F.2d at 1193 n.1 (citing <u>Salveson v. Western States Bankcard Ass'n</u>, 731 F.2d 1423, 1429 (9th Cir. 1984) <u>overruled on other grounds by</u> <u>Ethridge v. Harbor House Rest.</u>, 861 F.2d 1389 (9th Cir. 1988)).

> If fewer than all defendants join in removal, the removing party has the burden, under § 1446(a), of affirmatively explaining the absence of the non-joining defendant(s) in the notice for removal.  <u>Prize Frize, Inc. v. Matrix (U.S.) Inc.</u>, 167 F.3d 1261, 1266 (9th Cir. 1999) <u>overruled on other grounds by</u> <u>Abrego</u>, 443 F.3d at 670 (finding the removal notice insufficient where it stated that the defendants believed that many, rather than all, of the non-consenting defendants were not properly served).

<u>U.S. Bank Nat'l Ass'n v. Taylor</u>, No. CV 15-00018 DKW-KSC, 2015 WL

(Reply at 7-8.)

The forum defendant rule is a procedural rule codified in 28 U.S.C. § 1441(b)(2): "A civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." This rule "confines removal on the basis of diversity jurisdiction to instances where no defendant is a citizen of the forum state." Lively v. Wild Oats Markets, Inc., 456 F.3d 933, 939 (9th Cir. 2006). Therefore, if the Court determines a defendant to be a citizen of Hawaii, which is the forum state in this case, removal was improper under the forum defendant rule, and remand is warranted. See Bank of N.Y. Mellon v. Dela Cruz, CV. NO. 12-0445 HG-BMK, 2012 WL 5493995, at *1 (D. Haw. Oct. 2, 2012) ("Given that Defendants removed the present action to this Court on the basis of diversity of citizenship, yet are citizens of Hawai'i, the Court concludes that removal was improper under the forum defendant rule."); see also 28 U.S.C. § 1441(b)(2).

Although Ms. Martin is apparently a resident of the State of Hawaii,

---

1057119, at *3 (D. Haw. Mar. 10, 2015). Given that the December 2014 State Complaint was not served on any defendant, the Court does not require that all other defendants join in or consent to the removal or that Ms. Martin explain their absence from the current proceeding. See Emrich, 846 F.2d at 1193 n.1.

she argues that the forum defendant rule does not apply in this case, because it "is not invoked on a non-diverse Defendant until that defendant is served." (Mem. in Opp'n at 4 (citations omitted).) She quotes 28 U.S.C. § 1441(b)(2)'s language that applies the rule to defendants that have been "properly joined and served as defendants," and claims that U.S. Bank has not served the December 2014 State Complaint on any party. (Id. at 5.) She attaches a copy of the state court's docket purportedly to show that the defendants have not been served, and therefore "the Forum Defendant Rule cannot be invoked." (Id.; see id., Exh. A)

In response, U.S. Bank argues that the forum defendant rule is applicable to this case, because Ms. Martin's interpretation would otherwise "lead to an absurd result and contradict the very purpose of removal." (Reply at 8.) It states that there is no dispute that Ms. Martin is a citizen of the State of Hawaii, and Defendant Springleaf Financial Services of Hawaii may also be a citizen of this state. (Id. at 9.) Moreover, U.S. Bank argues that a case cannot be removed to federal court until a defendant has been served with the complaint in state court. It contends that, if Ms. Martin "were allowed to remove to federal court prior to being served with the Complaint, then it would open the floodgates for 'docket trolls' to remove any case to the federal court . . . ." (Id. at 10 (quoting Gentile v. Biogen Idec, Inc., 934 F. Supp. 2d 313, 322-23 (D. Mass. 2013)).) It argues that

Ms. Martin "manufactured additional time for her removal by preventing Plaintiff to [sic] proceed with service of process[,]" as Ms. Martin disputed the debt under the FDCPA, thus requiring U.S. Bank to verify the debt before taking any further action in that case.  (Id. at 12; see id., Exh. 1.)

Given the foregoing arguments, the Court finds that the forum defendant rule is applicable to this case.  There is no dispute that Ms. Martin is a citizen of the State of Hawaii, thus invoking 28 U.S.C. § 1441(b)(2).  The only question is whether U.S. Bank's failure to serve Ms. Martin with the December 2014 State Complaint defeats the forum defendant rule.  Here, where Ms. Martin has manufactured a way to prevent service upon her, the Court cannot say that it is in the interests of justice to nullify the forum defendant rule.

The Court's decision is guided by the rulings in other districts.  For example, in Sullivan v. Novartis Pharmaceuticals Corp., 575 F. Supp. 2d 640 (D.N.J. 2008), the court there considered whether the "properly joined and served" language of the forum defendant rule barred removal to federal court, where the defendant filed a notice of removal before service of the complaint could be effected on the defendant.  The plaintiffs filed their motion to remand, arguing that the forum defendant rule precluded removal based on diversity jurisdiction.  575 F. Supp. 2d at 641.  The court acknowledged that there is a split in authority–

including within the New Jersey District Court–regarding whether 28 U.S.C. § 1441(b)(2) should be interpreted literally, just as Ms. Martin urges here.  Id. at 642-43.   Relying upon the "principle of statutory construction which holds that[,] when the literal application of statutory language would either produce an outcome demonstrably at odds with the statute's purpose or would result in an absurd outcome, a court must look beyond the plain meaning of the statutory language[,]" the court found that "[t]he literal application of § 1441(b) in this case would both produce bizarre results that Congress could not have intended, and results that are demonstrably at odds with the objectives Congress did intend to effect."  Id. at 643.  The Court noted that the purpose of the forum defendant rule is to prevent fraudulent joinder, and "Congress added the 'properly joined and served' requirement in order to prevent a plaintiff from blocking removal by joining as a defendant a resident party against whom it does not intend to proceed, and whom it does not even serve."  Id. at 645.  The court held that "it is inconceivable that Congress, in adding the 'properly joined and served' language, intended to create an arbitrary means for a forum defendant to avoid the forum defendant rule simply by filing a notice of removal before the plaintiff is able to effect process."  Id. at 654.  It added that, "[a]s a matter of common sense, the court is confident, beyond any doubt, that Congress did not add the 'properly joined and served' language in

order to reward defendants for conducting and winning a race, which serves no

conceivable public policy goal, to file a notice of removal before the plaintiffs can

serve process." Id. at 646.  Citing to Ninth Circuit law, it concluded that,

> [t]he result of blindly applying the plain "properly joined
> and served" language of section 1441(b) is to eviscerate
> the purpose of the forum defendant rule.  See Lively v.
> Wild Oats Mkts., Inc., 456 F.3d 933, 939 (9th Cir. 2006)
> (the forum defendant rule limits removal to cases in
> which there might be a theoretical need to "protect out-
> of-state defendants from possible prejudices in state
> court").  Reading the "properly joined and served"
> language literally in this context would damage the
> plaintiff's rightful position as "master of his or her
> complaint," see United Jersey Banks v. Parell, 783 F.2d
> 360, 368 (3d Cir. 1986) (citing Hunter v. United Van
> Lines, 746 F.2d 635, 640 (9th Cir. 1984), cert. denied,
> 474 U.S. 863, 106 S. Ct. 180, 88 L. Ed. 2d 150 (1985)),
> creating a procedural anomaly whereby defendants could
> always avoid the imposition of the forum defendant rule
> so long as they monitor the state docket and remove the
> action to federal court before the plaintiff can effect
> service of process.  Fields [v. Organon USA Inc., NO.
> CIV.A. 07-2922 (SRC)], 2007 WL 4365312, at *5
> [(D.N.J. 2007)].
>
> Moreover, given that the purpose of the "properly
> joined and served" language is to prevent one form of
> gamesmanship—improper joinder—the court finds that
> allowing defendants to engage another type of
> gamesmanship—a hasty filing of a notice of removal—is
> demonstrably at odds with Congressional intent.

Id. at 646-47 (footnote omitted).

The Court finds the reasoning of the <u>Sullivan</u> court sound. In the present case, the Court agrees that a literal reading of the forum defendant rule would result in an absurd result that encourages gamesmanship on the part of defendants. U.S. Bank asserts that it did not serve the defendants with a copy of the December 2014 State Complaint because, a day after U.S. Bank filed the complaint, Ms. Martin sent an e-mail to U.S. Bank's attorney to dispute the debt. (Reply, Exh. 1.) Under the FDCPA, U.S. Bank was precluded from proceeding with the case—including serving Ms. Martin—until it verified the debt under 15 U.S.C. § 1692(g). (<u>See</u> Reply at 12.) On March 4, 2015, while U.S. Bank was apparently still restricted from proceeding because it had not yet verified the debt, Ms. Martin filed her Notice of Removal to this district court. (<u>See id.</u>) The Court cannot condone this type of gamesmanship, where Ms. Martin manufactures the reason for U.S. Bank's failure to serve the December 2014 State Complaint, then removes the case and argues that the forum defendant rule should not apply because U.S. Bank has not effected service. As noted by the <u>Sullivan</u> court, any forum defendant would then be able to defeat remand, merely by avoiding service and filing for removal. <u>See Sullivan</u>, 575 F. Supp. 2d at 647.

Furthermore, Ms. Martin has not offered any reason why removal is necessary in this case to "protect out-of-state defendants from possible prejudices

in state court[,]" as is the purpose of diversity jurisdiction.  See Lively, 456 F.3d at 939.  Rather, the forum defendant rule is a limitation on diversity jurisdiction, ensuring that only non-forum defendants can remove to federal court, thereby avoiding any possible bias.  Ms. Martin has not offered any policy reason supporting removal to federal court, and the Court will apply the forum defendant rule to bar her from removing this case from state court.

As such, although this Court would otherwise have original jurisdiction under diversity of citizenship, the forum defendant rule precludes Ms. Martin, a forum defendant, from removing her case to federal court.  Accordingly, the Court FINDS that removal was not proper in this case and RECOMMENDS that the case be remanded to state court.

B.    Prior Exclusive Jurisdiction Rule

Ms. Martin further cites the "prior exclusive jurisdiction rule" as a basis for removal of the December 2014 State Complaint.  In essence, the prior exclusive jurisdiction rule provides that when property is first under the jurisdiction of one court, that court has exclusive jurisdiction, and a second court cannot exercise jurisdiction over the same property.  As stated by the Ninth Circuit:

[W]here a federal court has first acquired jurisdiction of

the subject-matter of a cause, it may enjoin the parties
from proceeding in a state court of concurrent
jurisdiction where the effect of the action would be to
defeat or impair the jurisdiction of the federal court.
Where the action is in rem the effect is to draw to the
federal court the possession or control, actual or
potential, of the res, and the exercise by the state court of
jurisdiction over the same res necessarily impairs, and
may defeat, the jurisdiction of the federal court already
attached.  The converse of the rule is equally true, that
where the jurisdiction of the state court has first attached,
the federal court is precluded from exercising its
jurisdiction over the same res to defeat or impair the state
court's jurisdiction.

State Eng'r v. S. Fork Band of Te-Moak Tribe of W. Shoshone Indians of Nev.,

339 F.3d 804, 810 (9th Cir. 2003) (citation omitted); see also Princess Lida of

Thurn & Taxis v. Thompson, 305 U.S. 456, 466 (1939) ("If two suits are *in rem*, or

*quasi in rem*, so that the court, or its officer, has possession or must have control of

the property which is the subject of the litigation in order to proceed with the cause

and grant the relief sought, the jurisdiction of the one court must yield to the

other.").  "The purpose of the rule is the maintenance of comity between courts;

such harmony is especially compromised by state and federal judicial systems

attempting to assert concurrent control over the res upon which jurisdiction of each

depends."  United States v. One 1985 Cadillac Seville, 866 F.2d 1142, 1145 (9th

Cir. 1989) (citing Penn Gen. Cas. Co. v. Pennsylvania ex rel. Schnader, 294 U.S.

189, 195 (1935)); see Sexton v. NDEX West, LLC, 713 F.3d 533, 536 n.5 (9th Cir. 2013) ("the doctrine of prior exclusive jurisdiction is now best understood as a prudential (although mandatory) common law rule of judicial abstention").

Under this rule, because Ms. Martin filed the October 2014 Federal Complaint in this district court before U.S. Bank filed its December 2014 State Complaint in state court, the state court would ostensibly be deprived of jurisdiction to entertain the latter case. Ms. Martin argues that "both the District Court Complaint and Plaintiff's Foreclosure Complaint in the case at bar require jurisdiction over the Subject Property. . . . Because the District Court first exercised jurisdiction over the *res*, it must maintain that jurisdiction exclusively at this moment." (Mem. in Opp'n at 8-9.) Conversely, U.S. Bank argues that Ms. Martin's argument regarding the prior exclusive jurisdiction rule is a red herring, and Ms. Martin is actually "attempt[ing] to seek removal of Plaintiff's Complaint based on mere convenience." (Reply at 13.) U.S. Bank does not directly address the prior exclusive jurisdiction rule, but rather contends that the October 2014 Federal Complaint merely asserts defenses to the December 2014 State Complaint, and those defenses are "irrelevant in determining the removability in this case." (Id. (citing Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1 (1983)).)

Although not addressed by either party in the written submissions to the Court, in order for the prior exclusive jurisdiction rule to apply, both proceedings must be *in rem* or *quasi in rem*.[3]  In this case, the October 2014 Federal Complaint asserts Violation of the FDCPA (Count I) and Quiet Title (Count II).  (Mot., Exh. 1 ¶¶ 28-45.)  The December 2014 State Complaint asserts a standard foreclosure claim.  (Doc. no. 4-1.)  There is no question that the foreclosure asserted in the December 2014 State Complaint is an *in rem* proceeding that requires a court to exercise jurisdiction over real property.  See Knaefler v. Mack, 680 F.2d 671, 675 (9th Cir. 1982) ("it seems fairly clear that the foreclosure proceedings appealed from in the Hawaii courts are proceedings in rem") (citing 1A J. Moore, W. Taggart, A. Vestal & J. Wicker, Moore's Federal Practice, P 0.214, at 2359-60 & n.6 (2d ed. 1982)).  Thus, in order to invoke the

---

[3] An action *in rem* is "[i]nvolving or determining the status of a thing, and therefore the rights of persons generally with respect to that thing."  Black's Law Dictionary (9th ed. 2009).  Relatedly, an action *quasi in rem* is "[i]nvolving or determining the rights of a person having an interest in property located within the court's jurisdiction."  Id.  "*Quasi in rem* jurisdiction differs from *in rem* jurisdiction only in that *in rem* jurisdiction affects the interests of all persons in a designated property, whereas *quasi in rem* jurisdiction affects the interests of particular persons."  Hanover Ins. Co. v. Fremont Bank, No. C-14-01519 DMR, --- F. Supp. 3d ----, 2014 WL 4744398, at *14 n.19 (N.D. Cal. Sept. 22, 2014) (citing Hanson v. Denckla, 357 U.S. 235, 246 n.12 (1958)).  On the other hand, an action *in personam* is "[i]nvolving or determining the personal rights and obligations of the parties" or is "brought against a person rather than property."  Id.

prior exclusive jurisdiction rule, the October 2014 Federal Complaint must also assert an *in rem* action over the same real property.

At first blush, it would appear that the October 2014 Federal Complaint is also an action *in rem*, insofar as it concerns the Subject Property. Although Ms. Martin does not cite any authority to support her position, she concludes that both complaints are *in rem* proceedings, insofar as they require a determination as to the disposition of the Subject Property:

> The relief that Mrs. Martin seeks in the District Court Complaint is a determination of which entities have an interest in the subject property. Notably, Mrs. Martin disputes that U.S. Bank has an interest in the Subject Property. . . . In the case at bar, U.S. Bank seeks a judgment of foreclosure that would allow it to take possession of and sell the Subject Property. In order for such relief to be granted, the State Court must exercise jurisdiction over the Subject Property. Therefore, in order for either the District Court Complaint or Plaintiff's Foreclosure Complaint in the case at bar to proceed, jurisdiction over the Subject Property is required.

(Mem. in Opp'n at 8.) Indeed, counsel for Ms. Martin acknowledged at the hearing on this Motion that, if the October 2014 Federal Complaint is an *in personam* proceeding, then the prior exclusive jurisdiction rule would not apply.

Based on a review of the pertinent case law, an action to quiet title in Hawaii is an *in personam* proceeding, as it attempts to adjudicate rights between

the parties.  In <u>In re Vockrodt</u>, 50 Haw. 201, 436 P.2d 201 (1968), the Hawaii

Supreme Court considered whether an action to quiet title was an *in personam* or

*in rem* action under a previous version of the statute regarding quieting title.  The

court noted that, "[t]o the original s 242-1[4], ***which provided for an in personam***

***action***, [the legislature] added subdivision (b) which made it clear that persons

claiming interests by adverse possession could also bring an action to quiet title."

---

[4] Section 242-1 states:

> **Object of action**.  (a) Action may be brought in any of
> the circuit courts by any person, against another person
> who claims, or who may claim, adversely to the plaintiff,
> an estate or interest in real property, for the purpose of
> determining such adverse claim.
>
> (b) Action for the purpose of establishing title to real
> property may be brought in any of the circuit courts by
> any person who has been in adverse possession of such
> real property for not less than ten years.

R.L.H. § 242-1 (Supp. 1965).  The current version of this statute is codified at
section 669-1 of the Hawaii Revised Statutes.  That section does not mention *in
rem* or *in personam* proceedings, but provides, similar to R.L.H. § 242-1, in
relevant part:

> (a) Action may be brought by any person against another
> person who claims, or who may claim adversely to the
> plaintiff, an estate or interest in real property, for the
> purpose of determining the adverse claim.

Haw. Rev. Stat. § 669-1 (2012).

50 Haw. at 202-03, 436 P.2d at 753 (emphasis added).  The court considered

whether the nature of the action was converted from *in personam* to *in rem* by the

addition of new sections regarding notice by publication[5] and default judgment.[6]

---

[5] The newly-added notice provision provides:

> **Notice by publication**.  In any action brought under section 242-1(b), if there are persons who may claim interests in the property adverse to the plaintiff and cannot be found, notice in the form required by section 342-25 shall be published in a newspaper of general circulation . . . .

R.L.H. § 242-2.1 (Supp. 1959).  The current version of the notice statute for proceedings to quiet title provides that:

> unknown persons and any known persons who do not reside within the State or cannot after due diligence be served with process within the State may be served as provided by sections 634-23, 634-24, and 634-26; provided that section 634-23(3) notwithstanding, service by publication in any action brought under section 669-1(a) or (b) shall be made in an English language newspaper published in and having a general circulation in the circuit in which the action or proceeding has been instituted . . . .

Haw. Rev. Stat. § 669-3 (1983).

[6] The newly-added default provision provides:

> **Default; effect**.  If no person appears and answers within the time allowed, the court may at once, upon notion of the plaintiff and no reason to the contrary appearing,

Id. at 203, 436 P.2d at 753-54.

The court stated that "[t]he purpose of this statute [R.L.H. 1955 § 242-1 (Supp. 1965)] is to determine title to real property located within this state.  Of course, *the fact that the subject matter of an action is one which could support an in rem action does not make every action involving that subject matter in rem*."  Id. at 203-04, 436 P.2d at 754 (emphasis added).  It concluded that "the action [to quiet title] was in personam[,]" and thus the "method provided by the statute and the rule for service of process is personal service."  Id. at 205-06, 436 P.2d at 755.  It declined to construe the amendments to that statute "as converting the in personam action to quiet title into a completely in rem proceeding."  Id. at 204, 436 P.2d at 754.

The Ninth Circuit has also recognized that an action to quiet title in Hawaii is *in personam*.  When considering the nature of an ejectment action, the

<hr />

> order a general default to be recorded and the claim of
> the plaintiff taken to be correct.  By the description in the
> notice "to all whom it may concern", all the world are
> made parties defendant and shall be concluded by the
> default and order.

R.L.H. § 242-2.2 (Supp. 1959).  There does not appear to be a current statute that directly corresponds with section 242-2.2, but sections 669-2 and 669-3 of the Hawaii Revised Statutes provide some guidance regarding notice to unknown persons.

court cited to <u>In re Vockrodt</u> and noted that "[i]t thus appears possible for a plaintiff merely to determine the right to possession as between himself and another, an action we believe to be in personam, as suggested by <u>Lefkowitz [v. McQuagge</u>, 296 F.2d 50 (5th Cir. 1961)]. ***We note that under Hawaii law even bills to quiet title are deemed to be in personam actions***." <u>Knaefler</u>, 680 F.2d at 676 (emphasis added); <u>see also</u> <u>Hanover Ins. Co. v. Fremont Bank</u>, No. C-14-01519 DMR, --- F. Supp. 3d ----, 2014 WL 4744398, at *14 (N.D. Cal. Sept. 22, 2014) (In applying the prior exclusive jurisdiction rule to an action where the plaintiff seeks a determination of its rights to funds held by the court, "[u]nder California law, a suit only proceeds *in rem* where property is 'seized and sought to be held for satisfaction of an asserted charge against property without regard to the title of individual claimants to the property.' . . . On the other hand, where a party initiates an action merely to 'determine the personal rights and obligations of the defendant[],' the court asserts *in personam* jurisdiction." (citations omitted)); 74 C.J.S. <u>Quieting Title</u> § 7 (updated March 2015) ("An action to remove a cloud is generally, although not invariably, an action in personam; . . . The fundamental doctrine of equity, that every action in equity is purely an action in personam, applies to actions to remove clouds from title unless it is so abrogated by statute."). But cf. <u>Chapman v. Deutsche Bank Nat'l Trust Co.</u>, 302 P.3d 1103, 129 Nev. Adv.

Op. 34 (2013) ("A Nevada quiet title action is predominantly in rem or quasi in rem.").

Based on the foregoing authority, and given that Ms. Martin seeks to quiet title in her October 2014 Federal Complaint by a determination of the various parties' rights and interests in the Subject Property, the Court concludes that the quiet title action is *in personam*, rather than *in rem*.[7]  Accordingly, the prior exclusive jurisdiction rule is inapplicable to this case, as the October 2014 Federal Complaint does not involve this district court acquiring jurisdiction over the Subject Property, but merely adjudicates the rights between the parties.  The state court is therefore not deprived of its jurisdiction, and the Court RECOMMENDS remanding this case back to state court.

## II.    REQUEST FOR ATTORNEYS' FEES

Next, U.S. Bank also seeks an award of attorneys' fees and costs incurred as a result of challenging the removal, pursuant to 28 U.S.C. § 1447(c). (Mot. at 6.)  Section 28 U.S.C. § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  The standard for awarding attorneys'

---

[7] Regarding Count I for Violation of the FDCPA, the Court finds that this cause of action is also *in personam*, as Ms. Martin is asserting violations against the defendants as debt collectors, rather than moving against the Subject Property.

fees when remanding a case to state court "should turn on the reasonableness of the removal." Lussier v. Dollar Tree Stores, Inc., 518 F.3d 1062, 1065 (9th Cir. 2008) (quoting Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005)). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin, 546 U.S. at 141.

Here, Ms. Martin removed this case on the basis of diversity jurisdiction, as well as under the prior exclusive jurisdiction rule. As discussed above, the Court finds that neither of these principles is applicable to the case at hand to bar remand. However, the Court finds that Ms. Martin had an objectively reasonable basis for seeking removal of this case, insofar as the parties are diverse and there is a related, pending case in this district court. "[R]emoval is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." Lussier, 518 F.3d at 1065. As such, the Court finds that an award of attorneys' fees is not warranted, and the Court recommends DENYING U.S. Bank's request for fees.

<u>CONCLUSION</u>

For the foregoing reasons, the Court FINDS that the forum defendant rule prevents the Court from asserting jurisdiction over this case and that the prior exclusive jurisdiction rule is inapplicable. The Court thus RECOMMENDS that this case be remanded to state court, but that the request for fees be denied. As such, the Court RECOMMENDS GRANTING IN PART and DENYING IN PART the Motion.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, <u>April 23, 2015</u>.



  /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

<u>U.S. Bank National Association v. Martin et al.</u>, CIV. NO. 15-00061 DKW-BMK, FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF'S MOTION TO REMAND CASE TO STATE COURT